■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN GORO, Appellant.—Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Nassau County (Delin, J.), imposed May 10, 1989.

Ordered that the sentence is affirmed, and the case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPLR 460.50 (5). No opinion. Mollen, P. J., Thompson and Kunzeman, JJ., concur.

Eiber, J., dissents, and votes to modify the sentence to 60 days' intermittent imprisonment to be served on weekends from 8:00 A.M. Saturday until 5:00 P.M. Sunday to run concurrent with and as a condition of a three-year term of probation, with the following memorandum.

The defendant, a 39-year-old married and steadily employed father of two, stands convicted of attempted leaving the scene of an accident without reporting, a class A misdemeanor offense. He was sentenced, pursuant to plea negotiations, to 60 days' imprisonment, to run concurrent with and as a condition of three years' probation. The defendant's conduct in leaving the scene of an automobile accident after striking and causing serious injuries to a pedestrian cannot be condoned. I do, however, believe that the defendant should be permitted to serve his term of imprisonment on weekends.

According to the presentence report prepared by the Nassau County Probation Department: "There is no indication that the present offense is anything but an isolated incident, possibly caused by optic nerve damage due to multiple sclerosis, and it appears highly unlikely that any criminal behavior on the defendant's part will surface in the future." The report further noted that the defendant has led a stable, productive and otherwise law-abiding existence. He apparently has a warm, loving family relationship and is highly regarded in his community and at his place of employment. A multitude of letters from the defendant's friends and colleagues, attesting to his "exemplary" life-style, were submitted in his behalf. The defendant is. currently employed as a budget analyst for the New York City Board of Education. He was cooperative during the investigation conducted by the Department of Probation and the remorse he expressed over the incident was described as "sincere". Under the circumstances, confinement on weekends as a condition of probation will further the interests of justice, without unduly jeopardizing or disrupting the defendant's family and professional life.